*[1111] LEE, J., dissenting.
I dissent because in my opinion the result reached by the majority is in direct conflict with the legislative intent to require "good faith” (ORS 91.730)[1] and conscionability (ORS 91.735)[2] in leases encompassed by the "Residential Landlord and Tenant Act” (ORS 91.700 to 91.895).
Before examining the provisions of the lease it should be noted that the document with which we are concerned consists of three mechanically duplicated 8Yz" x 14" pages of single-spaced typed paragraphs with double spaces between the sixteen paragraphs. The quality of the duplicating is so poor that it requires concentrated effort to decipher the language used — obviously this would discourage perusal by the average reader. Although there was a two page narrative statement signed by counsel that recited that "$185 was paid and applied by deféndants as a nonrefundable fee,” it did not stipulate that plaintiffs understood it to be such. The designation of the record *[1112] on appeal expressly included the testimony of witnesses and exhibits so the lease document and plaintiffs understanding of it is part of the record before us. I disagree with the sweeping assertion of the majority that "[t]he testimony of both parties indicated that the lease was fully explained and discussed.” (31 Or App at 1109-1110.) Mrs. Zemp testified that she understood that the $185 in dispute constituted payment of the last month’s rent in advance.
My concern is that the $185 nonrefundable fee provision was so disguised that there was both bad faith and unconscionability apparent on the face of the lease which supported the trial court’s finding that:
"* * * [T]he non-refundable fee provision of the residential lease is unenforceable for the reason that it is unconscionable under the Residential Landlord and Tenant Act and the Court further finds that the amount paid by plaintiffs as a non-refundable fee should be awarded to the plaintiffs.”
Bad faith and unconscionability appear on the face of the lease because of the failure of the defendants to insert the dollar amount of the nonrefundable fee on the line and space provided in the lease form as follows:
"H. NON REFUNDABLE FEE: LESSEES agree to pay a non refundable fee in the amount of $-for the right to one year lease which the LESSEES may terminate with a 30 day written notice as provided hereafter.”
That omission of any dollar amount of "NON REFUNDABLE FEE” in paragraph "II” of the lease, might well have lulled plaintiffs into a false sense of security that caused them to skim over paragraph "III” of the lease which was as follows:
"MONTHLY LEASE PAYMENTS: LESSEES agree to pay $185 for the first partial month, and a payment of $185 on or before the 25th day of July, 1975, as rent for the month of August, and a like payment of $185 on the 25th day of each month thereafter for the calendar month immediately following the payment due date. It is *[1113] further understood and agreed in the event the LESSEES faithfully carry out the terms of this agreement and remain as LESSEES through and including July 1976, then the last month’s rent of this lease, or rent for the month of July whichever occurs last, shall be without charge to the LESSEES. The preceding sentence is intended to provide that the LESSEES shall have one month free rent which shall be the last month that they live in the above described premises, provided that the LESSEES stay for the full lease period, or longer; provided, however, in the event there are Federal or State rent controls existing at any time during the lease period concerning amounts of rent or raising the amounts of rent, the LESSORS shall have the right to increase the monthly lease payments at any time during the lease period where said governmental agency authorizes an increase, and the lease payment may be increased for the fullest amount allowed by such agency.”
The forfeiture provision in paragraph "III” is obviously buried within the paragraph entitled "MONTHLY LEASE PAYMENTS” which contains no reference to the "one year lease” and "non refundable fee” provisions of the incompleted paragraph "II”. A cursory examination of these two paragraphs by a lay reader might well lead to the conclusion that there was nothing in the paragraph entitled "MONTHLY LEASE PAYMENTS” concerning a "NON REFUNDABLE FEE” or it would have been set forth under the germane heading.
Because of the harsh result reached by the majority, which I believe to be "unconscionable” (ORS 91.735) as a matter of law, and the noted crucial omission in paragraph "II” of the document before us, it appears to me that the trial court’s findings should be sustained.
The pages of history record the upheavals that stem from oppressive landlord tactics. The effort of the legislature to eliminate "unconscionability” in leases *[1114] between residential tenants and landlords is subverted by the majority opinion.
Accordingly, I respectfully dissent.

ORS 91.730 provides:
"Every duty under ORS 91.700 to 91.895 and every act which must be performed as a condition precedent to the exercise of a right or remedy under ORS 91.700 to 91.895 imposes an obligation of good faith in its performance or enforcement.”

ORS 91.735 provides:
“(1) If the court, as a matter of law, finds:
"(a) A rental agreement or any provision thereof was unconscionable when made, the court may refuse to enforce the agreement, enforce the remainder of the agreement without the unconscionable provision, or limit the application of any unconscionable provision to avoid an unconscionable result; or
"(b) A settlement in which a party waives or agrees to forego a claim or right under ORS 91.700 to 91.895 or under a rental agreement was unconscionable when made, the court may refuse to enforce the settlement, enforce the remainder of the settlement without the unconscionable provision, or limit the application of any unconscionable provision to avoid an unconscionable result.
"(2) If unconscionability is put into issue by a party or by the court upon its own motion the parties shall be afforded a reasonable opportunity to present evidence as to the setting, purpose and effect of the rental agreement or settlement to aid the court in making the determination.”